NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OBDULIO GOMEZ GALEANA, | No.    20-70882 |
| Petitioner, | Agency No. A206-912-536 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2026[**]
El Centro, California

Before:  TALLMAN and OWENS, Circuit Judges, and MONTENEGRO,[***]
District Judge.

Obdulio Gomez Galeana ("Gomez"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ruth Bermudez Montenegro, United States District Judge for the Southern District of California, sitting by designation.

appeal of an Immigration Judge's ("IJ") decision denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). We review the agency's factual findings for substantial evidence, which "should be upheld unless the evidence compels a contrary result." *Id.* at 1076 (internal quotation and citation omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of [his] statutorily protected characteristics and either [his] past harm or [his] objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). For asylum, the protected ground must be "one central reason" for the persecution, and for withholding of removal, the protected ground must be "a reason." *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017).

Substantial evidence supports the agency's determination that Gomez failed to establish any nexus between his fear of harm and a particular social group or other protected ground. This was dispositive of Gomez's asylum and withholding of removal claims. Gomez argued that he had a well-founded fear of persecution

2

on account of his membership in the particular social groups of "persons that were extorted by criminal gangs" and "people whose family members were killed by the extortionists." But the record indicated that Gomez was extorted by criminal groups motivated simply by money. The BIA properly determined that Gomez demonstrated only a "desire to be free from harassment by criminals motivated by theft or random violence by gang members" that "bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2. To qualify for CAT protection, a petitioner must show it is "more likely than not that he or she would be tortured if removed to the proposed country of removal" "by or at the instigation of or with the consent or acquiescence of a public official." 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1).

Substantial evidence supports the agency's determination that Gomez failed to show that it is more likely than not that he would be tortured in Mexico. Gomez's generalized fear of violence and crime in Mexico is insufficient to meet the CAT standard, which requires an individualized risk of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). Substantial evidence also supports the agency's determination that Gomez failed to show that any torture would be by, or with the consent or acquiescence of, a public official. The record does not compel the conclusion that the government of Mexico would be unwilling or unable to protect Gomez.

**PETITION FOR REVIEW DENIED**.